PILLSBURY WINTHROP SHAW PITTMAN LLP
MARCIA L. POPE SBN 124878
MARC H. AXELBAUM SBN 209855
ATHENA G. RUTHERFORD SBN 328824
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: 415.983.1000
Facsimile: 415.983.1200

Attorneys for Defendant IQVIA Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| VEEVA SYSTEMS INC. AND PETER STARK, <br><br>Plaintiffs, <br><br>vs. <br><br>IQVIA INC. <br><br>Defendant. | Case No. _____ <br><br>[Alameda County Superior Court, Case No. RG21111679] <br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441 (FEDERAL QUESTION)** |
|---|---|

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant IQVIA Inc. ("IQVIA" or "Defendant") hereby removes this action from the Superior Court of the State of California for the County of Alameda (the "State Court Action"), in which the action is currently pending, to the United States District Court for the Northern District of California on the ground that this Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, 1441(c) (federal question). In support of this Notice, Defendant avers as follows:

/ / /

1
NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. 1331, 1441

4820-0326-2973

## THE REMOVED CASE

1. On September 2, 2021, Peter Stark ("Stark") and Veeva Systems, Inc. ("Veeva" and collectively "Plaintiffs") commenced this civil action against Defendant in Alameda County Superior Court, captioned *Veeva Systems Inc. and Peter Stark v. IQVIA Inc.*, Case No. RG21111679, by filing a complaint (hereinafter the "Complaint"). The Complaint alleges four causes of action on behalf of Veeva, and Veeva and Mr. Stark jointly, related to harms purportedly suffered by the Plaintiffs due to Mr. Stark's signing of noncompete agreements and nondisclosure agreements (the "NCA/NDAs") while employed by IQVIA in New Jersey. A true and correct copy of the Complaint ("Compl.") is attached hereto as **Exhibit A**. The Complaint alleges four causes of action.

2. In the Plaintiffs' *very first paragraph* Plaintiffs assert violations of the dormant Commerce Clause of the United States Constitution, among other violations of law.

3. The first cause of action—for declaratory relief concerning recruitment of Mr. Stark and other IQVIA employees—is asserted by Veeva solely. Compl. ¶¶ 50-58. Veeva claims violations of: (1) California law, specifically California Business and Professions Code § 16600, the Cartwright Act, and California Business and Professions Code §§ 17200 *et seq.*; (2) violations of Sister State Laws[1]; and (3) violations of *the Dormant Commerce Clause. Id.*

4. The second cause of action—for declaratory relief concerning IQVIA's NCA/NDAs—is asserted by Veeva and Mr. Stark jointly. Compl. ¶¶ 59-67. Similar to the first cause of action, Plaintiffs assert violations of California law, specifically California Business and Professions Code § 16600, the Cartwright Act, and California Business and Professions Code §§ 17200 *et seq.*; violations of Sister State Laws; and violations of *the Dormant Commerce Clause. Id.*

5. The third cause of action—for unfair competition concerning the recruitment of IQVIA's employees, including Mr. Stark—is claimed by Veeva solely. Compl. ¶¶ 68-71. Akin to the aforementioned causes of action, Veeva claims violations of California law, specifically

---

[1] The Sister State Laws include: Delaware, New Jersey, New York, Connecticut, and North Carolina. Compl. ¶ 1.

California Business and Professions Code § 16600, the Cartwright Act, and California Business and Professions Code §§ 17200 *et seq. Id.*

6. And lastly, for the fourth cause of action, Plaintiffs jointly make a claim for unfair competition arising from IQVIA's NCA/NDAs. Compl. ¶¶ 72-75. Here, Plaintiffs assert violations of California law, specifically California Business and Professions Code § 16600, the Cartwright Act, and California Business and Professions Code §§ 17200 *et seq. Id.*

7. Pursuant to section 415.30 of the California Code of Civil Procedure, Defendant was served with a copy of the Summons and Complaint via personal service on September 2, 2021. A true and correct copy of the Proof of Service of the Complaint is attached here as **Exhibit B**.

8. On October 4, 2021, Defendant filed an Answer to the Complaint (the "Answer") in Alameda Superior Court. Declaration of Athena G. Rutherford in Support of Notice of Removal of Action Pursuant to 28 U.S.C. § 1331 (Federal Question) (hereinafter "Rutherford Decl.") ¶ 2. Plaintiffs will not receive a conformed copy of the Answer for approximately 3-4 weeks due to current COVID-19 limitations on court operations. Rutherford Decl. ¶ 3. A true and correct copy of the Rutherford Declaration, along with a non-conformed copy of the Answer and receipt of filing, are attached as **Exhibit C**.

9. True and correct copies of all other pleadings served on Defendant in the State Action are attached hereto as **Exhibit D**. 28 USC § 1446(a); *see Cook v. Randolph County*, Ga. 573 F.3d 1143, 1150 (11th Cir. 2009).

THE REMOVAL IS TIMELY

10. This Notice of Removal is filed timely. A Notice of Removal is timely if filed within 30 days of service of the Complaint on Defendant. 28 U.S.C. § 1446(b)(1); *see Murphy Bros. v. Michetti Pip Stringing*, 526 U.S. 344, 354 (1999). IQVIA was provided with a copy of the Summons and the Complaint via personal service on its designated agent for service of process on September 2, 2021, thereby becoming the effective date of service. Cal. Code Civ. Proc. § 415.10. This Notice is timely filed, as it is being filed on the first court date within 30 days of the effective service date. Fed. R. Civ. P. 6(a)(1)(B-C) ("[In calculating the deadline for

when a Notice of Removal is due]…count every day, including intermediate Saturdays, Sundays…but if the last day is Saturday, Sunday, or legal holiday, the period continues…until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

11. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## VENUE IS PROPER IN THIS COURT

12. Venue of this removed action is initially proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division which embraces the place where the State Court Action was originally commenced.

## THIS COURT HAS FEDERAL QUESTION JURISDICTION

13. This action is a civil action over which this Court has federal question jurisdiction because it contains claims that IQVIA violated the dormant Commerce Clause of the United States Constitution; these allegations are central to claims by *both* Veeva and Mr. Stark and are essential to the Complaint. Compl. ¶¶ 1, 56-59, 65-67. Because alleged violations of the dormant Commerce Clause are federal in nature, the federal court has original jurisdiction over this action, and removal is proper. 28 U.S.C. § 1331; *see also Lil' Man in the Boat, Inc. v. City & Cty. of San Francisco,* 2019 U.S. Dist. LEXIS 229441 (plaintiff asserted violations of the Commerce Clause and the District Court determined it had federal question jurisdiction); *see also* A*sante v. California Dep't of Health Care Servs.*, 155 F. Supp. 3d 1008 (N.D. Cal. 2015), on reconsideration in part, No. 14-CV-03226-EMC, 2016 WL 5462435 (N.D. Cal. Sept. 28, 2016), and rev'd, 886 F.3d 795 (9th Cir. 2018) (affirms removal to federal courts is proper for claims of violations of the dormant Commerce Clause among other claims).

## PLAINTIFFS INTENTIONALLY IMPLICATE FEDERAL QUESTION JURISDICTION

14. On January 4, 2018, prior to the filing of the Complaint here, an amended complaint was filed against IQVIA, among other parties, by Veeva at Alameda Superior Court, Case No. RG17868081 (hereinafter the "2018 Veeva Complaint"). A true and correct copy of Veeva's first amended complaint is attached hereto as **Exhibit E**.

15. The 2018 Veeva Complaint contains claims seeking declaratory relief concerning:

recruitment of IQVIA employees (similar to the present Complaint); declaratory relief concerning IQVIA's NCA/NDAs (similar to the present Complaint); declaratory relief concerning the enforceability of IQVIA's NCA/NDAs (similar to the present Complaint); unfair competition concerning the recruitment of IQVIA's employees (similar to the present Complaint); and unfair competition arising from IQVIA's NCA/NDAs (similar to the present Complaint).

16. The 2018 Veeva Complaint contains causes of action and allegations *virtually identical* to the present Complaint except for one key distinction—*in the present Complaint, Plaintiffs allege violations of the dormant Commerce Clause*. The 2018 Veeva Complaint does not include any federal law claims, and the deadline for removal of the case to federal court has long since passed.

## PREVALENCE OF REMOTE WORKERS ENCOURAGE THE FEDERAL COURTS TO EXERCISE ITS JURISDICTION OVER THE COMPLAINT

17. Another factor weighing in favor of the federal court exercising its jurisdiction over this matter is the increased prevalence of remote workers due to the COVID-19 pandemic, and the concomitant necessity of addressing the restrictive covenant law applicable to such workers. Gad Levanon, *Remote Work: The Biggest Legacy of Covid-19*, Forbes, November 23, 2020, https://www.forbes.com/sites/gadlevanon/2020/11/23/remote-work-the-biggest-legacy-of-covid-19 ("The biggest impact of Covid-19 may be remote work…Just five percent of [survey] respondents [of U.S. HR executives] reported that, prior to the pandemic, [their employees were working primarily from home at least 3 days a week], [and now] 40 percent or more of their employees were working primarily from home (at least three days a week).").

18. The dramatic increase in the number of workers living in one state working for an employer in another, coupled with Plaintiffs attempt to impose California law on individuals working elsewhere in the United States, raises important federal questions ripe for federal review.

19. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defense or affirmative matter. Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Defendant of any fact or the validity or merits of Plaintiffs' claims, causes of

actions or allegations.

20. Defendant will promptly serve copies of this Notice of Removal upon all parties and will promptly serve and file a notice and copy with the Superior Court of the State of California, County of Alameda, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant hereby removes the above-captioned action from the Superior Court of the State of California in and for the County of Alameda and requests that further proceedings be conducted in this Court as provided by law.

Dated:  October 4, 2021                    PILLSBURY WINTHROP SHAW PITTMAN LLP

                                    By: *Athena Rutherford*
                                        MARCIA L. POPE
                                        MARC H. AXELBAUM
                                        ATHENA G. RUTHERFORD
                                        Attorneys for Defendant
                                        IQVIA INC.