PILLSBURY WINTHROP SHAW PITTMAN LLP
MARC H. AXELBAUM SBN 209855
ATHENA G. RUTHERFORD SBN 328824
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Tel.: 415.983.1000; Fax: 415.983.1200
marc.axelbaum@pillsburylaw.com
athena.rutherford@pillsburylaw.com

KENNETH W. TABER (admitted *pro hac vice*)
31 West 52nd Street
New York, NY 10019-6131
Tel: (212) 858-1000; Fax: (212) 858-1500
kenneth.taber@pillsburylaw.com

*Attorneys for Defendant/Counterclaim-Plaintiff IQVIA Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEEVA SYSTEMS INC. AND PETER STARK,<br><br>Plaintiffs,<br><br>vs.<br><br>IQVIA INC.,<br><br>Defendant.<br><br>IQVIA INC.,<br><br>Counterclaim-Plaintiff,<br><br>vs.<br><br>VEEVA SYSTEMS INC. AND PETER STARK,<br><br>Counterclaim-Defendants. | Case No. 3:21-cv-07749-VC<br><br>Hon. Vince Chhabria<br><br>**DEFENDANT IQVIA INC.'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(A)(2); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>The Honorable Vince Chhabria<br>Date: Thursday, January 13, 2022<br>Time: 10:00 a.m. (via Zoom) |

# NOTICE OF MOTION AND MOTION FOR LEAVE:

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on January 13, 2022, at 10:00 AM, or as soon thereafter as available, before the Honorable Vince Chhabria, defendant IQVIA Inc. ("IQVIA") will and hereby does move pursuant to Federal Rule of Civil Procedure 15(a)(2) for an order granting leave of the Court to file IQVIA's Amended Answer and Counterclaims to Plaintiffs' Complaint ("Amended Answer"), attached to this motion as **Exhibit 1**.

IQVIA seeks to file its Amended Answer to conform it to federal pleading standards and to add counterclaims as well as additional affirmative defenses. Counsel for IQVIA contacted Plaintiffs' counsel to ask for written consent to IQVIA's filing the morning of December 8, 2021, but Plaintiffs' counsel indicated he would not have sufficient time to decide whether to provide consent before IQVIA wanted to file.

IQVIA's motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the pleadings and papers on file in this action, any other such matters of which the Court may take judicial notice, and any other matter that the Court may properly consider.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND BACKGROUND

On September 2, 2021, Plaintiffs Veeva Systems, Inc. ("Veeva") and Peter Stark ("Stark") (collectively "Plaintiffs") filed this action against IQVIA in the Superior Court of the State of California, County of Alameda. Dkt. No. 1-1. On October 4, 2021, IQVIA filed an Answer in the Superior Court, generally denying the allegations of the complaint and asserting affirmative defenses, so as not to be in default while IQVIA's removal petition was pending.

4891-9884-3397.v1

Dkt. No. 1-1. That same day, IQVIA removed the action to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331. Dkt. No. 1.

Plaintiffs filed their Motion to Remand to State Court for Lack of Subject Matter Jurisdiction on November 2, 2021, which IQVIA opposed. Dkt. Nos. 9; 13. The Court has taken that motion under submission. Dkt. No. 18.

The Court has not yet issued a scheduling order, nor has any discovery commenced.

## II. ARGUMENT

IQVIA files this motion to request leave from the Court to file its Amended Answer under Federal Rule of Civil Procedure 15(a)(2). Under Rule 15(a)(2), parties are permitted to amend their pleadings "with the opposing party's written consent" or with "the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) also requires that the Court "freely give leave when justice so requires." This standard reflects an intent to allow amendment with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). In ruling on a motion for leave to amend, "courts consider five factors: (1) undue delay; (2) bad faith; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether previously allowed amendments have failed to cure deficiencies." *Esurance Ins. Co. v. Westchester FireIns. Co.*, 2016 WL 4719264, at *1 (N.D. Cal. Sept. 9, 2016). The most important factor is whether there would be prejudice to the opposing party. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

All of the relevant factors support granting IQVIA's motion. *First*, there has been no undue delay. IQVIA removed this action on October 4, 2021, barely two months ago, and has been responding to Plaintiffs' motion for remand. There has been no other activity in the case. *Second*, this motion is made without bad faith. *Third*, and most importantly, allowing IQVIA to amend now will not create any prejudice for Plaintiffs. Discovery has not yet commenced, and the Court has not

3

yet issued a scheduling order.  As a result, Plaintiffs will have ample time to develop discovery as to any counterclaim or defenses IQVIA raises in the Amended Answer and Counterclaims.  *Fourth*, none of the affirmative defenses or counterclaims IQVIA sets forth in its Amended Answer are futile.

Given the lack of prejudice to Plaintiffs, the nascent stage of the litigation, and this Circuit's guidance that amendment be granted with "extreme liberality," the Court should grant this Motion.

### III. CONCLUSION

For the foregoing reasons, the Court should grant IQVIA leave to file its Amended Answer.

Dated:  December 8, 2021  PILLSBURY WINTHROP SHAW PITTMAN LLP

By: */s/ Marc H. Axelbaum*
MARC H. AXELBAUM
KENNETH W. TABER (admitted *pro hac vice*)
ATHENA G. RUTHERFORD

*Attorneys for Defendant/Counterclaim-Plaintiff IQVIA INC.*