UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEEVA SYSTEMS INC., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>IQVIA INC.,<br><br>        Defendant. | Case No. 21-cv-07749-VC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**<br><br>Re: Dkt. No. 9 |

      The plaintiffs' motion to remand is granted. District courts may exercise jurisdiction over "civil actions arising under the . . . laws . . . of the United States." 28 U.S.C. § 1331. "It is not enough that the plaintiff alleges some anticipated defense"—a federal question must instead appear on the face of a well-pleaded complaint. *Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S. 149, 152 (1908). The complaint in this case does not arise under federal law. It seeks declaratory relief relating to non-compete agreements signed by a former IQVIA employee and asserts two causes of action under California law. Because a federal question does not appear on the face of the complaint, this Court lacks subject matter jurisdiction.

      The defendant argues that because the plaintiffs invoke the Commerce Clause, their complaint raises a federal constitutional question. The complaint alleges that California law precludes enforcement of the non-compete agreements. And it asserts that to the extent other state laws "would validate or enforce" the agreements, they "would, as applied to the present dispute, violate the dormant Commerce Clause." Those allegations are not enough to confer jurisdiction. Were IQVIA to seek enforcement of its agreements, the constitutional question would arise only if the plaintiffs asserted certain defenses. *Skelly Oil Co. v. Phillips Petroleum*

*Co.*, 339 U.S. 667, 672 (1950). IQVIA and its counsel surely know this. After removing this case on October 4, 2021, IQVIA filed suit in the District of New Jersey, asserting that Veeva and its former employee breached the non-compete agreements. *IQVIA Inc. v. Veeva Systems, Inc. and Peter Stark*, 2021 WL 5578737, at *3 (D.N.J. Nov. 29, 2021) (dismissing the complaint under the first-filed rule). Along with those mine-run state law claims, it sought declaratory relief that applying California law to the dispute would run afoul of the Commerce Clause. *See id.* Just as the constitutional issue arose only in anticipation of a potential defense in the New Jersey case, the same goes here: "if, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 16 (1983) (quotations and citation omitted).

Nor does the complaint "necessarily raise a stated federal issue" that is "actually disputed and substantial." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314 (2005). The state laws referenced in the complaint might not, for example, support enforcement of the non-compete agreements, in which case a court might not ever reach the constitutional question.

It is difficult to understand how IQVIA and its counsel could think it would be appropriate to remove this case. There was clearly no basis for it. The clerk shall remand the matter to the Alameda County Superior Court. *See* 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

Dated: December 9, 2021

VINCE CHHABRIA
United States District Judge